DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
SHINING J. HSU (CABN 317917)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7022
FAX: (415) 436-6748
shining.hsu@usdoj.gov

Attorneys for Defendant
U.S. DEPARTMENT OF HOMELAND SECURITY

SAIRA HUSSAIN (CABN 300326)
saira@eff.org
JENNIFER LYNCH (CABN 240701)
jlynch@eff.org
MARK RUMOLD (CABN 279060)
mark@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY,<br><br>    Defendant. | Case No. 19-cv-7431 JSC<br><br>**JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT**<br><br>Date: February 13, 2020<br>Time: 1:30 p.m.<br><br>The Honorable Jacqueline Scott Corley |

    Plaintiff Electronic Frontier Foundation ("EFF") and Defendant United States Department of Homeland Security ("DHS") jointly submit this Joint Case Management Conference Statement. The

JOINT CMC STATEMENT
NO. 19-CV-7431 JSC

parties have conferred telephonically on multiple occasions—January 3, January 10, January 24, and February 5—and via email.

    1.  **JURISDICTION AND SERVICE**:  There are no issues concerning personal jurisdiction, venue or service.  Plaintiffs brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552(a)(4)(B), and this Court has jurisdiction under 28 U.S.C. § 1331.  All parties have been served pursuant to Fed. R. Civ. P. 4(i)(1).  Defendant has appeared.

    2.  **FACTS**:  This action concerns three FOIA requests made by EFF to DHS on July 12, 2019, and August 14, 2019.  Generally speaking, the requests seek records regarding documents related to DHS's Rapid DNA program and communications between DHS employees and external parties.

    DHS component U.S. Immigration and Customs Enforcement ("ICE") has agreed to process 500 pages per month.  ICE will make its initial record production at the end of February, and will produce records every 30 days thereafter.  ICE's initial search yielded 16,000 pages.  The parties have been conferring on whether to narrow the scope of the search or prioritize certain records.

    DHS component U.S. Customs and Border Protection ("CBP") has agreed to process 500 pages per month.  CBP will make its initial record production at the end of February, and will produce records every 30 days thereafter.  CBP's initial search yielded 6,700 pages.

    3.  **LEGAL ISSUES**:  The following legal issue is in dispute:  whether Defendant produced all documents responsive to Plaintiff's FOIA requests not subject to applicable legal exemptions.

    The parties are attempting in good faith to resolve Plaintiff's claims informally.  However, the Court may be called upon to resolve the following legal issues: (1) whether Defendant has responded adequately to Plaintiff's FOIA requests, (2) whether Defendant improperly withheld materials based on claimed FOIA exemptions, *see* 5 U.S.C. §§ 552(b)(1)-(9), and (3) whether and in what amount Plaintiff is entitled to an award of attorneys' fees and other litigation costs, *see id.* § 552(a)(4)(E)(i).

    4.  **MOTIONS**:  There are no prior or pending motions.  If this matter is not resolved between the parties, they anticipate filing cross-motions for summary judgment.  If motion practice is necessary, the parties will meet and confer regarding a schedule for summary judgment briefing.

    5.  **AMENDMENT OF PLEADINGS:**  Plaintiff plans to file an amended complaint by mid-February and will seek Defendant's consent to do so.  The parties suggest an amendment deadline of

March 31, 2020.

6. **EVIDENCE PRESERVATION:** The parties are not aware of any evidence preservation issues that may affect the dispute.

7. **DISCLOSURES:** The parties agree that initial disclosures are not necessary, as this is a FOIA action.

8. **DISCOVERY:** To date, no discovery has been taken by either party, and the parties do not anticipate based on current information that discovery will be necessary in this case.

9. **CLASS ACTIONS:** This is not a class action.

10. **RELATED CASES:** There are no related cases.

11. **RELIEF:** Plaintiffs seeks injunctive relief compelling defendant to disclose the requested documents, waiver of all processing fees, and attorneys' fees and costs.  Defendant seeks a complete defense judgment, dismissal and costs.

12. **SETTLEMENT AND ADR:** The parties are amenable to a Settlement Conference with a magistrate judge at an appropriate time, but do not believe that the matter is ripe for ADR at this juncture.

13. **CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES:** The parties have consented to a magistrate judge.

14. **OTHER REFERENCES:** None requested.

15. **NARROWING OF ISSUES:** The parties have met and conferred in an attempt to narrow the issues in dispute and continue to do so.

16. **EXPEDITED TRIAL PROCEDURE:** Not applicable.

17. **SCHEDULING:** The parties submit that the Court should set a further case management conference 60 days out. Within 30 days of Defendant finishing processing of the records described above, the parties agree to submit another Joint Case Management Statement describing any outstanding issues and proposing a tentative schedule for resolving the case on cross-motions for summary judgment.

18. **TRIAL:** The parties anticipate that this matter will be resolved on motions.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES/PERSONS:** Local Rule 3-

15 does not apply to governmental entities, such as the United States, or their agencies. Plaintiff filed a Certification of Interested Entities or Persons as required by Local Rule 3-15 stating that, aside from the named parties, there is no interest to report. (Dkt. 3).

20. **PROFESSIONAL CONDUCT:** The parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: February 6, 2020                    Respectfully submitted,

                                           DAVID L. ANDERSON
                                           United States Attorney

                                           */s/ Shining J. Hsu*
                                           SHINING J. HSU
                                           Assistant United States Attorney

                                           *Attorneys for Defendant*

DATED: February 5, 2020
                                           */s/ Saira Hussain*
                                           SAIRA HUSSAIN
                                           JENNIFER LYNCH
                                           MARK RUMOLD
                                           ELECTRONIC FRONTIER
                                           FOUNDATION

                                           *Attorneys for Plaintiff*

*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that each signatory has concurred in the filing of this document.*

JOINT CMC STATEMENT
NO. 19-CV-7431 JSC